UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL E. BUTKA,

       Plaintiff,                       CIVIL ACTION NO. 08-13228

      v.                                 DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF               MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action for judicial review of the defendant's decision denying plaintiff's 2004 application for supplemental security income (SSI) benefits. Plaintiff alleged that she became disabled as of 1992 because of depression, forgetfulness, arthritis, carpal tunnel syndrome, curved spine, chest pain, and numbness in her extremities, shoulders and neck. After a hearing before an ALJ, the defendant found that plaintiff had severe impairments, had no past relevant work, but could perform a significant number of light jobs, and therefore, was not disabled. (Tr. 10-21) Plaintiff contends that this finding is not supported by substantial evidence and that the ALJ improperly disregarded plaintiff's complaints of pain. Defendant contends otherwise. For the reasons discussed in this Report, it is recommended that the decision denying benefits be affirmed.

The issue before the court is whether to affirm the Commissioner's determination. In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938). The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the national economy. Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

**Background**

Plaintiff was 52 years old at the time of the ALJ's decision. She completed 11th grade and previously worked at various cleaning jobs, but essentially has no past relevant work history. (Tr. 53, 57, 62-63) She lives in a house and is raising her three grandchildren. (Tr. 70-71) Plaintiff reported that she usually gets up at 6:00 a.m., gets her grandchildren off to school, does whatever needs to be done around the house, and fixes dinner. (Tr. 72) She is able to do laundry, but has to get help to carry it up and down stairs. She is able to drive and to ride in a car, but avoids the cold. She shopped once every week or every other week with help from her grandchildren. (Tr. 72-73)

Medical records show that plaintiff has treated with Dr. Zieger at Park Family Health Care since at least December, 2003. He noted obesity, cervical radiculopathy, right carpal tunnel, and arthritis in the right knee. (Tr. 160-163) Plaintiff saw Dr. Ziegler in September, 2004; she had arthralgias as well as cramps and paresthesias in her hands and feet. (Tr. 154) He also noted pain, spasm, and decreased range of motion in her low back and neck. *Id*.

Dr. Shelby-Lane performed a consultative evaluation in January 2005. Plaintiff had a slight limp on the right side, she could get on and off the examination table without difficulty, normal stance, and could walk without difficulty. She could do the toe walk only slowly, could not squat, and could bend to 30 percent with recovery. (Tr. 133) In addition, plaintiff's grip strength was normal, gross and fine dexterity were intact. She could perform finger to nose testing without difficulty, her sensory functions were intact, and she had fair muscle tone. *Id*.

Also in January, 2005, Dr. Shah performed a consultative psychiatric examination. He diagnosed major depressive disorder, recurrent, with psychotic features in partial remission and anxiety disorder. (Tr. 139)

In February, 2005, plaintiff was seen by Dr. Montasir for another consultive exam. He diagnosed osteoarthritis and spinal disorder, with chronic pain syndrome but no subluxation, contracture, or instability. (Tr. 125-127) Plaintiff had significant pain and stiffness of her cervical spine and back area, excellent grip and pinch strength, but positive carpal tunnel syndrome. Dr. Montasir suggested an EMG for further follow up. Plaintiff had lower back pain but no muscle atrophy and no neurological disorganization. (Tr. 127) X-rays of February 2005 showed degenerative changes in the lumbar spine (L2-5) and levoconvex scoliosis. (Tr. 128) Plaintiff saw Dr. Mohiddin for neck pain that month, but had not been for the required neurology referral. (Tr. 153)

In March, 2005, a state agency physician reviewed the record evidence and concluded that plaintiff was able to perform a range of light work, but could never climb ladders, ropes or scaffolds, and could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl and should avoid even moderate exposure to vibration. (Tr. 105-113)

On April 26, 2005, Dr. Harvey Zieger, plaintiff's treating physician, opined that plaintiff was disabled. The diagnoses included bilateral carpal tunnel, spondylosis of the cervical spine, cervical radiculitis, hypertension, and GERD. (Tr. 171-172) On exam, plaintiff complained of swelling in both legs. She had shortness of breath and complained of headaches. Tinel's and Phalen signs were positive bilaterally, straight leg raising was positive at 30 degrees on the left

and 40 on the right. (Tr. 151) The next office notes from Dr. Zieger are in November 2005 when plaintiff complained of headaches for the past year. She had decreased sleep due to pain in her shoulders and arms and leg cramps for the past two months. Her dosage of Neurontin was increased. In December 2005 her ANA blood testing was weakly positive. (Tr. 148) Beginning in January 2006, plaintiff began to complain to Dr. Zieger of pain in her face and neck (Tr. 141), bilateral leg swelling in June (Tr. 194), paresthesias in her legs in July (Tr. 189), and in August pain and depression (Tr. 186). EMG studies were scheduled due to her complaints of bilateral leg and hand numbness. (Tr. 176-177) In September, 2006, plaintiff underwent an EMG for numbness in her extremities. It was reported as showing severe carpal tunnel bilaterally, mild sensory neuropathy in both extremities, and probable S1 radiculopathy. (Tr. 173) Plaintiff reported difficulty sleeping to the B.G. TriCounty Neurology and Sleep Clinic on September 18, 2006. On exam, her weight was 281 pounds, she was 5' 4" with blood pressure of 158/110. (Tr. 176)

In October, 2006, Dr. Jeffrey Half, M.D., wrote to Dr. Zieger that he saw plaintiff for a consultation and his impression was severe bilateral carpal tunnel syndrome and mild sensory neuropathy. (Tr. 197) He recommended carpal tunnel release.

Plaintiff was treated at Eastwood Clinics from November 2006 through January 2007 for PTSD and other psychological issues. She discontinued treatment against medical advice. (Tr. 198) She was rendered treatment for cognition and behavioral skills, copy and problem solving strategies, and parenting skills. *Id*. At discharge, her GAF was assessed at 55. *Id*.

**Discussion**

    **ALJ's Opinion**

The ALJ found that plaintiff had severe arthritis, carpal tunnel syndrome, curvature of the spine, and depression. But that her complaints were not fully credible and she could lift twenty pounds occasionally, and ten pounds frequently, could do occasional gripping and handling; no climbing ropes, ladders, or scaffolds; occasional ramps or stairs, occasional balancing, stooping, crouching, kneeling, and crawling, no vibrations; but could handle routine production and stress; was limited to not more than simple unskilled job assignments, and only occasional contact with the public. The ALJ relied on testimony from the vocational expert and found that plaintiff could perform security type jobs which existed in significant numbers. (Tr. 20)

Plaintiff alleges that the ALJ's determination that plaintiff could do a limited range of light work is not supported by substantial evidence. Plaintiff contends that she could only do sedentary work, at which point the Grid Rule 201.09 would direct a conclusion of disabled as of plaintiff's 50th birthday, because plaintiff has a limited education and no past relevant work history.

    **Medical Evidence Supports the ALJ**

Plaintiff argues that the treating physician's testimony was not given the appropriate weight. It is true that great deference is to be given to medical opinions and diagnoses of treating physicians. Harris v. Heckler, 756 F.2d 431 (6th Cir. 1985). It is also true that complete deference is given when said opinions are uncontradicted. However, in both instances, the opinion of the treating physician must be based on sufficient medical data. Garner v.

Heckler, 745 F.2d 383, 391 (6th Cir. 1984); Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984).  Where the doctor's physical capacity evaluation contains no substantiating medical opinions and is inconsistent with the doctor's previous opinions, the defendant is not required to credit such opinions.  Villarreal v. HHS, 818 F.2d 461, 463 (6th Cir. 1987).  The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.  Warner v. Commissioner of Social Security, 375 F.3d 387 (2004) (citing Harris v. Heckler, 756 F.2d at 435).

     Here, Dr. Zieger's opinion did not include any objective testing or other evidence.  The ALJ found that plaintiff had a variety of impairments but they were not disabling.  Dr. Zieger's office notes reflect essentially plaintiff's complaints and other than the EMG and high blood pressure contain few significant findings.  Although plaintiff reported numbness, the exam by the consultive physician indicated that plaintiff could grip, gross and fine dexterity was intact.  Plaintiff's sensory functions were intact, she had fair muscle tone, and good range of motion.  (Tr. 133)  Dr. Monasir's consultive examination in February 2005 also was consistent with an ability to perform the limited range of light work identified.  She had excellent grip and pinch strength despite the carpal tunnel, no muscle atrophy, could walk and did not limp, normal stance and gait, and her sensory functions were intact with fair muscle tone.  (Tr. 127)

**Vocational Evidence**

     At the hearing, the vocational expert opined that if plaintiff could lift twenty pounds occasionally, and ten pounds frequently, could do occasional gripping and handling; no climbing ropes, ladders, or scaffolds; occasional ramps or stairs, occasional balancing, stooping,

crouching, kneeling, and crawling, no vibrations; but could do a routine production and stress; simple unskilled job assignments, and occasional contact with the public, then plaintiff could perform security type jobs (6,000 regionally and 12,000 state wide). (Tr. 230) Plaintiff argues that the hypothetical question did not accurately describe her limitations in that she had a moderate impairment of functioning in concentration, persistence and pace. The ALJ took that into account in limiting her to unskilled, simple work, limited public contact, and routine production and stress. The opinion of Dr. Czarnecki, the reviewing psychologist, is in accordance with this determination. Dr. Shah opined that her GAF was 45, indicative of serious symptoms. While that is true, the limitation of jobs identified by the ALJ took that into account. Neither do the issues about the kind of security duties entitle plaintiff to relief. The vocational expert identified them as consistent with the limitations delineated by the ALJ. Plaintiff's attorney at the hearing chose not to ask additional questions. The expert stated that his testimony was consistent with the Dictionary of Occupational Titles. No evidence is shown to merit either remand or an award of benefits in this regard. The restrictions imposed by the ALJ and the jobs to which she was limited by the vocational expert adequately compensated for her impairments.

### Plaintiff's Complaints of Pain

Plaintiff claims the ALJ did not properly evaluate his complaints of disabling pain. The ALJ found they were not credible. Pain caused by an impairment can be disabling, but each individual has a different tolerance of pain. Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984). Therefore, a determination of disability based on pain depends largely on the credibility of the plaintiff. Houston, 736 F.2d at 367; Walters v. Commissioner of Social

Security, 127 F.3d 525, 531 (6th Cir. 1997); Villarreal v. Secretary of HHS, 818 F.2d 461, 463 (6th Cir. 1987). Because determinations of credibility are peculiarly within the province of the ALJ, those conclusions should not be discarded lightly. Villarreal, 818 F.2d at 463 and 464. In addition, in Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986), this circuit modified its previous holdings that subjective complaints of pain may support a claim of disability. Subsequently, the Social Security Act was modified to incorporate the standard. 20 C.F.R. § 404.1529 (1995). A finding of disability cannot be based solely on subjective allegations of pain. There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Jones v. Secretary of HHS, 945 F.2d 1365, 1369 (6th Cir. 1991).

    Here the ALJ found that plaintiff's subjective complaints were not fully supported by the objective medical evidence. Psychologically, plaintiff had good contact with reality according to Dr. Shah (Tr. 138), and while plaintiff was seen for a few months at Eastwood Clinic in late 2006 through early 2007, her GAF was assessed at 55 when she voluntarily terminated her treatment. Physically, her carpal tunnel syndrome did not interfere with her excellent grip and pinch strength and fine and gross dexterity. The ALJ restricted her to only occasional work in this regard.

The ALJ also considered plaintiff's daily activities of raising her three grandchildren. She took care of the house, cooked meals, did laundry with some help lifting heavy loads, drove and shopped. These activities are consistent with a residual functional capacity for light work.

**Conclusion**

Accordingly, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and decision denying SSI benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    S/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: May 29, 2009

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on May 29, 2009.

                    s/Jane Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan