UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL E. BUTKA,

                       Plaintiff,                        Case Number 08-13228
                                                       Honorable David M. Lawson
v.                                               Magistrate Judge Virginia M. Morgan

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____/

## OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, VACATING DECISION OF THE COMMISSIONER, AND REMANDING FOR FURTHER PROCEEDINGS

The plaintiff filed the present action on July 28, 2008 seeking review of the Commissioner's decision denying the plaintiff's claim for supplemental security income (SSI) under Title XVI of the Social Security Act. On July 30, 2008, the case was referred to United States Magistrate Judge Virginia M. Morgan pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morgan filed a report on May 29, 2009 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner affirmed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation and the plaintiff's objections, and has made a *de novo* review of the administrative record in light of the parties'

submissions.  In her objections, the plaintiff offers several reasons why the magistrate judge's conclusion that substantial evidence supported the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled is erroneous.  First, she states that the magistrate judge erred in concluding that the record of her daily activities supported the ALJ's finding that her complaints were not fully credible, and those activities were not consistent with the ability to perform light work.  Second, the plaintiff contends that the magistrate judge erred by failing to consider the details of the psychiatric evaluation performed by Dr. Atul C. Shah, a consultative examiner.  Third, the plaintiff states that the opinion of a state agency physician rendered in March 2005 could not support the ALJ's residual functional capacity determination.  That physician, who reviewed medical records but did not examine the plaintiff, did not consider medical records after that date, which indicated that the plaintiff suffered limitations in her back and lower extremities. Fourth, the plaintiff argues that the magistrate judge erred by approving the ALJ's failure to give controlling weight to the opinion of her treating physician, Dr. Harvey Zieger.

The plaintiff, who is currently fifty-four years old, applied for SSI on October 7, 2004.  She has an eleventh grade education and previously has held various cleaning jobs, although the ALJ concluded that she has no past relevant work.  Currently, she stays at home, raising three teenage grandchildren and doing limited work around the house.  According to the plaintiff, a combination of her impairments – arthritis, carpal tunnel syndrome, curvature of the spine, and depression – prevents her from holding any job.

The plaintiff's application for SSI benefits was denied initially.  She made a timely request for an administrative hearing.  On April 26, 2007, the plaintiff appeared before ALJ Henry Perez, Jr., when she was fifty-two years old.  ALJ Perez filed a decision on June 12, 2007, in which he

found the plaintiff was not disabled and therefore not entitled to SSI benefits.  The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920.  The ALJ concluded that the plaintiff has not engaged in substantial gainful activity since October 7, 2004 (step one); the plaintiff suffers from arthritis, carpal tunnel syndrome, curvature of the spine, and depression, which are "severe" impairments within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff has no past relevant work (step four).

In applying the fifth step, the ALJ determined that the plaintiff retained the capacity to perform a limited range of light work.  He concluded that the plaintiff could lift ten pounds frequently and twenty pounds occasionally, occasionally climb ramps and stairs, stoop, crouch, balance, kneel, crawl, handle, and grossly manipulate objects not involving vibration, or climbing ladders, ropes, or scaffolds.  He found that the plaintiff could perform no more than simple job assignments with no more than routine production or stress, and have no more than occasional contact with the public.  Relying on the testimony of a vocational expert, the ALJ found that there were jobs in significant numbers in the national economy that fit within these limitations.  Based on that finding and using Medical Vocational Rule 202.10 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act.  Thereafter, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on July 2, 2008.

All parties agree with the magistrate judge that the plaintiff has the burden of proving disability in order to qualify for SSI benefits, and that "disability" is defined as the inability "to engage in any substantial gainful activity" due to a "physical or mental impairment" that could cause death or might reasonably be expected to last continuously for at least twelve months. *See* 42 U.S.C.

-3-

§ 1382c(a)(3)(A).  Of course, a person is not disabled merely because her limitation prevents her from performing previous work, if that person can perform other "substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).  The parties also accept the rule that the authority of this Court to review administrative decisions of the Commissioner is limited to deciding whether the proper legal standards were used and "whether there is substantial evidence in the record to support the findings."  *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (quoting *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 851 (6th Cir. 1986)).

In challenging the ALJ's determination, the plaintiff makes two essential points.  First, the plaintiff believes that Dr. Zieger's opinion that the plaintiff is disabled ought to carry the day.  The Court cannot agree.  Dr. Zieger's opinion as found in the administrative record consists of a two-page handwritten note that lists the plaintiff's diagnoses, mentions that the plaintiff is scheduled for cardiac and neurological referrals, and concludes: "I feel she is totally disabled, but knowing DDS it is extremely important to leave objective documentation of her disability.  Available tests are enclosed."  AR at 171-72.  It is not clear from the record what tests actually were enclosed with Dr. Zieger's letter, but there are diagnostic tests in the record that tend to confirm Dr. Zieger's diagnoses.  However, nowhere does Dr. Zeiger explain why he thinks the plaintiff is disabled, what are her limitations, and how those limitations impact her ability to perform work.

The so-called "treating physician rule" promulgated by the Secretary states that "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as

consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2).  The Sixth Circuit

has consistently applied this rule.  A treating physician's opinion should be given greater weight

than those opinions of consultative physicians who are hired for the purpose of litigation and who

examine the claimant only once.  *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365,

1370 & n.7 (6th Cir. 1991); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.

1985).  If a treating physician's opinion is not contradicted, complete deference must be given to it.

*Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler*,

742 F.2d 968, 973 (6th Cir. 1984).  However, a treating physician's opinion may be rejected if there

is good reason to do so.  *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has

held that treating physicians' opinions "are only given such deference when supported by objective

medical evidence."  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones*

*v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).  Where a treating physician renders an

opinion using legal language as opposed to medical terminology, the Court may likewise reject it

if it is not supported by clinical evidence in the record.  *See Casey v. Sec'y of Health & Human*

*Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993).

A physician's unadorned conclusion that a patient is "disabled" lends little to the disability

analysis itself.  The determination of disability must be based on "what a claimant can do, not what

maladies a claimant suffers from – though the maladies will certainly inform the ALJ's conclusion

about the claimant's abilities."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002).

Dr. Zieger's opinion provides no help because he does not describe the plaintiff's limitations or

explain why they prevent her from performing physical activities.

The ALJ rejected Dr. Zieger's conclusion because it "contrasts sharply with the other evidence of record, which renders it less persuasive. It is also not clear that Dr. Zieger was familiar with the definition of disability contained in the Social Security Act and regulations." AR at 18. The ALJ's reasoning is sound, and his explanation fulfills the procedural requirement that a rejection of a treating physician's opinion must be explained adequately. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544, 547 (6th Cir. 2004).

The plaintiff's second essential point is that the record does not support the ALJ's determination that the plaintiff had the residual functional capacity (RFC) to perform light work. According to 20 C.F.R. § 404.1567(b), "light work"

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

Social Security Ruling 83-10 states that "a job is in this category . . . requires a good deal of walking or standing – the primary difference between sedentary and most light jobs." SSR 83-10, 1983 WL 31251, at 5 (1983). Although a job in the light work category can involve "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work, . . . [r]elatively few unskilled light jobs are performed in a seated position." *Ibid.* However, "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.* at 6.

-6-

The record in this case indicates that the plaintiff is fifty-four years old, she is morbidly obese (height: 5'4"; weight: 285 pounds on February 25, 2005), she cannot tiptoe or heel walk due to imbalance, she has low back and knee pain, she has plantar fasciitis (confirmed by X-rays revealing heel spurs), she complains of right knee pain and has been diagnosed with arthritis in the right knee, she has swelling and paresthesia in both legs, she suffers from leg cramps, and imaging studies confirm that she suffers from lumbar radiculopathy.  It is difficult to conceive how a person in that condition could stand and walk for six hours out of an eight-hour workday.  A state agency physician concluded that the plaintiff could stand for six hours, *see* AR at 106, but, as the plaintiff points out, that report was completed on March 10, 2005, before the records documenting many of the lower extremity problems were available.  State agency physicians' opinions are entitled to substantial weight only when they are "based on a review of a complete case record."  SSR 96-6p, 1996 WL 374180, at 3 (July 2, 1996).  When the ALJ relies on a non-examining state agency physician's opinion that is not based on a complete record – which he must have done in this case, since no one else concluded that the plaintiff could stand for most of a workday – the ALJ must give some indication that he considered and rejected the later evidence.  *Blakely v. Comm'r of Soc. Sec.,* -- F.3d --, --, No. 08-6270, slip op. at 13-14 (6th Cir. Sept. 24, 2009).  There is no such indication in this record.

Nor do the plaintiff's activities of daily living provide support for the conclusion that the plaintiff could stand six of eight hours per workday.  The magistrate judge read the record as suggesting that the plaintiff took care of three grandchildren, got them off to school in the morning, cooked meals, tended to the house, and went shopping.  However, the grandchildren are thirteen, fifteen, and eighteen years old, and the plaintiff testified that *they* assisted *her* by doing laundry,

housework, and yard work.  Meal preparation is limited to "easy ones that I don't have to cut [food]."  AR at 72.  She takes showers because she cannot get in or out of a bathtub.  She goes outside "as little as possible" and shops "with help from son and daughter."  AR at 73.  The record of the plaintiff's activities does not support the conclusion that the plaintiff could perform light work to the extent that the job requires carrying, which implies walking, "frequently" – i.e., six hours out of eight.

All parties agree in this case that the plaintiff has satisfied her burden through the first four steps of the five-step analytical process.  Therefore, the burden shifts to the Commissioner to establish that the plaintiff possesses the residual functional capacity to perform other substantial gainful activity.  *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987); *see also Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980).  "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs."  *Varley,* 820 F.2d at 779 (quotation marks and citations omitted).  To meet that burden here, the defendant relied on the opinion of the vocational expert concerning the number of jobs in the national economy that the plaintiff could perform.  The plaintiff objects to that opinion on the ground that the ALJ failed to pose a proper hypothetical question to the vocational expert, having omitted some of the plaintiff's limitations.

It is well established that assessment of residual functional capacity for work must be made only after all of a claimant's limitations have been taken into account.  20 C.F.R. § 416.945.  Further, a hypothetical question posed to a vocational expert must include a "complete assessment of [the claimant's] physical and mental state and should include an accurate portrayal of her

individual physical and mental impairments." *Howard,* 276 F.3d at 239 (quotation marks and alterations omitted) (quoting *Varley,* 820 F.2d at 779).

The Court agrees with the plaintiff that the Commissioner has not sustained his step-five burden in this case. Although, as noted earlier, light work can involve a job that requires sitting most of the time, the ALJ did not include that limitation in the hypothetical question posed to the vocational expert. Therefore, the vocational expert's description of the available jobs does not furnish substantial evidence that the plaintiff can perform jobs within her limitations that are available in significant numbers in the national economy.

That leaves the question whether further fact finding is required, for "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994). In *Faucher,* the court agreed that the Commissioner's decision was not supported by substantial evidence but concluded that a remand for benefits was inappropriate in that case. The court reasoned that the record was incomplete because the correct hypothetical question was never posed to the vocational expert. The witness was never given an opportunity to respond to a question that incorporated not only plaintiff's physical impairments but also the severity of his emotional impairments, and the record contained conflicting evidence on the severity of the plaintiff's emotional impairments. The court observed that the district court had acknowledged that "it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations."

-9-

*Faucher*, 17 F.3d at 176. The court concluded, therefore, that "the case must be remanded to the ALJ for further consideration of this issue." *Ibid.*

So it is here. This Court is unable to determine on the present record whether there are jobs available within the plaintiff's limitations. The plaintiff argues that the record supports a capacity to perform no more than sedentary work, and the grid rules – the medical vocational guidelines found at 20 C.F.R. Pt. 404, Subpt. P, Appendix 2 – direct a finding of "disabled." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.09. That may be true, but that conclusion is not compelled by the present record. Additional fact finding is required.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge did not properly review the administrative record or apply the correct law in reaching her conclusion. The Court has considered all of the plaintiff's objections to the report and finds one of them to have merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. # 17] is **REJECTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. # 13] is **GRANTED IN PART** and the defendant's motion for summary judgment [dkt # 16] is **DENIED**.

It is further **ORDERED** that the findings of the Commissioner are **VACATED** and the matter is **REMANDED** for further proceedings consistent with this opinion and order.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated: September 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2009.

s/Lisa M. Ware
LISA M. WARE