UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL E. BUTKA,

       Plaintiff,                        CIVIL ACTION NO. 08-13228

v.                                       DISTRICT JUDGE DAVID M. LAWSON

COMMISSIONER OF                 MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

This Social Security case comes before the court on plaintiff's "Motion and Brief Seeking Attorney's Fees pursuant to the Equal Access to Justice Act" (D/E #21). The Commissioner has filed a response in opposition to that motion (D/E #27) and, pursuant to Local Rule 7.1(e)(2), this court dispensed with oral argument (D/E #28). For the reasons stated below, the court recommends that plaintiff's motion be **DENIED**.

**II. Background**

As described by the Honorable David M. Lawson:

> The plaintiff, who is currently fifty-four years old, applied for SSI on October 7, 2004. She has an eleventh grade education and previously has held various cleaning jobs, although the ALJ concluded that she has no past relevant work. Currently, she stays at home, raising three teenage grandchildren and doing limited

-1-

work around the house. According to the plaintiff, a combination of her impairments – arthritis, carpal tunnel syndrome, curvature of the spine, and depression – prevents her from holding any job.

The plaintiff's application for SSI benefits was denied initially. She made a timely request for an administrative hearing. On April26, 2007, the plaintiff appeared before ALJ Henry Perez Jr., when she was fifty-two years old. ALJ Perez filed a decision on June 12, 2007, in which he found the plaintiff was not disabled and therefore not entitled to SSI benefits. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920. The ALJ concluded that the plaintiff has not engaged in substantial gainful activity since October 7, 2004 (step one); the plaintiff suffers from arthritis, carpal tunnel syndrome, curvature of the spine, and depression, which are "severe" impairments within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff has no past relevant work (step four).

In applying the fifth step, the ALJ determined that the plaintiff retained the capacity to perform a limited range of light work. He concluded that the plaintiff could lift ten pounds frequently and twenty pounds occasionally, occasionally climb ramps and stairs, stoop, crouch, balance, kneel, crawl, handle, and grossly manipulate objects not involving vibration, or climbing ladders, ropes, or scaffolds. He found that the plaintiff could perform no more than simple job assignments with no more than routine production or stress, and have no more than occasional contact with the public. Relying on the testimony of a vocational expert, the ALJ found that there were jobs in significant numbers in the national economy that fit within these limitations. Based on that finding and using Medical Vocational Rule 202.10 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Thereafter, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on July 2, 2008.

[Opinion and Order Rejecting Magistrate Judge's Report and Recommendation, Granting in Part

Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary

Judgment, Vacating Decision of the Commissioner, and Remanding for Further Proceedings (D/E #19); September 29, 2009; pp. 2-3]

On July 28, 2008, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) (D/E #1), and, after a referral from the district court (D/E #3), the matter came before this court on the parties' cross-motions for summary judgment (D/E #13, #16). Plaintiff argued that the Commissioner's decision was not supported by substantial evidence because (1) the medical evidence submitted by the plaintiff's treating physician supported her complaints of pain and limitations from carpal tunnel syndrome and neck and right shoulder pain with limitation of motion; (2) the evidence of record did not support the ALJ's finding that the plaintiff had the residual functional capacity to perform light, unskilled work activity; and (3) the ALJ failed to properly assess the plaintiff's complaints of pain, limitations and credibility. The Commissioner contended that the disability determination was supported by substantial evidence and should thus be affirmed.

On May 29, 2009, this court issued a report and recommendation finding that the decision denying benefits should be affirmed (D/E #17). As found by this court, the medical and vocational evidence in the record provided a substantial basis for both the weight the ALJ gave to plaintiff's treating physician's opinion and the ALJ's determination that plaintiff retained the residual functional capacity to perform light work. Similarly, this court found that the ALJ's credibility determination was also supported by substantial evidence given the objective medical evidence and plaintiff's daily activities.

On June 9, 2009, plaintiff filed an objection to this court's report and recommendation (D/E #18).

On September 29, 2009, the Honorable David M. Lawson entered an Opinion and Order Rejecting Magistrate Judge's Report and Recommendation, Granting in Part Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, Vacating Decision of the Commissioner, and Remanding for Further Proceedings (D/E #19). In that opinion and order, Judge Lawson first addressed plaintiff's arguments regarding the weight given to her treating physician's opinion. Judge Lawson ultimately rejected plaintiff's argument:

> Dr. Zieger's opinion as found in the administrative record consists of a two-page handwritten note that lists the plaintiff's diagnoses, mentions that the plaintiff is scheduled for cardiac and neurological referrals, and concludes: "I feel she is totally disabled, but knowing DDS it is extremely important to leave objective documentation of her disability. Available tests are enclosed." AR at 171-72. It is not clear from the record what tests actually were enclosed with Dr. Zieger's letter, but there are diagnostic tests in the record that tend to confirm Dr. Zieger's diagnoses. However, nowhere does Dr. Ziegler explain why he thinks the plaintiff is disabled, what are her limitations, and how those limitations impact her ability to perform work.
>
> ***
>
> A physician's unadorned conclusion that a patient is "disabled" lends little to the disability analysis itself. The determination of disability must be based on "what a claimant can do, not what maladies a claimant suffers from – though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Dr. Ziegler's opinion provides no help because he does not describe the plaintiff's limitations or explain why they prevent her from performing physical activities.

> The ALJ rejected Dr. Ziegler's conclusion because it "contrasts sharply with the other evidence of record, which renders it less persuasive. It is also not clear that Dr. Ziegler was familiar with the definition of disability contained in the Social Security Act and regulations." AR at 18. The ALJ's reasoning is sound, and his explanation fulfills the procedural requirement that a rejection of a treating physician's opinion must be explained adequately.

[Opinion and Order Rejecting Magistrate Judge's Report and Recommendation, Granting in Part Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, Vacating Decision of the Commissioner, and Remanding for Further Proceedings (D/E #19); September 29, 2009; pp. 4-6 (emphasis in original)]

Judge Lawson then addressed plaintiff's argument that the record does not support the ALJ's determination that plaintiff had the residual functional capacity to perform light work. With respect to that issue, Judge Lawson noted :

> The record in this case indicates that the plaintiff is fifty-four years old, she is morbidly obese (height: 5'4"; weight: 285 pounds on February 25, 2005), she cannot tiptoe or heel walk due to imbalance, she has low back and knee pain, she has plantar fasciitis (confirmed by X-rays revealing heel spurs), she complains of right knee pain and has been diagnosed with arthritis in the right knee, she has swelling and paresthesia in both legs, she suffers from leg cramps, and imaging studies confirm that she suffers from lumbar radiculopathy. It is difficult to conceive how a person in that condition could stand and walk for six hours out of an eight-hour workday. A state agency physician concluded that the plaintiff could stand for six hours, *see* AR at 106, but, as the plaintiff points out, that report was completed on March 10, 2005, before the records documenting many of the lower extremity problems were available. State agency physicians' opinions are entitled to substantial weight only when they are "based on a review of a complete case record." SSR 96-6p, 1996 WL 374180, at 3 (July 2, 1996). When the ALJ relies on a non-examining state agency physician's opinion that is not based on a complete record

> – which he must have done in this case, since no one else concluded that the plaintiff could stand for most of a workday – the ALJ must give some indication that he considered and rejected the later evidence. *Blakely v. Comm'r of Soc. Sec.*, -- F.3d --, --, No. 08-6270, slip op. at 13-14 (6th Cir. Sept. 24, 2009). There is no such indication in this record.
>
> Nor do the plaintiff's activities of daily living provide support for the conclusion that the plaintiff could stand six of eight hours per workday. The magistrate judge read the record as suggesting that the plaintiff took care of three grandchildren, got them off to school in the morning, cooked meals, tended to the house, and went shopping. However, the grandchildren are thirteen, fifteen, and eighteen years old, and the plaintiff testified that *they* assisted *her* by doing laundry, housework, and yard work. Meal preparation is limited to "easy ones that I don't have to cut [food]." AR at 72. She takes showers because she cannot get in or out of a bathtub. She goes outside "as little as possible" and shops "with help from son and daughter." AR at 73. The record of the plaintiff's activities does not support the conclusion that the plaintiff could perform light work to the extent that the job requires carrying, which implies walking, "frequently" – i.e., six hours out of eight.

[Opinion and Order Rejecting Magistrate Judge's Report and Recommendation, Granting in Part Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, Vacating Decision of the Commissioner, and Remanding for Further Proceedings (D/E #19); September 29, 2009; pp. 7-8 (emphasis in original)]

Ultimately, Judge Lawson agreed with plaintiff:

> The Court agrees with the plaintiff that the Commissioner has not sustained his step-five burden in this case. Although, as noted earlier, light work can involve a job that requires sitting most of the time, the ALJ did not include that limitation in the hypothetical question posed to the vocational expert. Therefore, the vocational expert's description of the available jobs does not furnish substantial evidence that the plaintiff can perform jobs within her

limitations that are available in significant numbers in the national economy.

[Opinion and Order Rejecting Magistrate Judge's Report and Recommendation, Granting in Part Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, Vacating Decision of the Commissioner, and Remanding for Further Proceedings (D/E #19); September 29, 2009; p. 9]

Judge Lawson also concluded that the court was unable to determine on the present record whether there are jobs available within the plaintiff's limitations. Accordingly, Judge Lawson remanded this case for further proceedings consistent with the opinion and order. (Opinion and Order Rejecting Magistrate Judge's Report and Recommendation, Granting in Part Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, Vacating Decision of the Commissioner, and Remanding for Further Proceedings (D/E #19); September 29, 2009; pp. 9-10)

On December 17, 2009, plaintiff filed the motion for attorney fees pending before this court (D/E #21). In that motion, plaintiff argues that she was a prevailing party. Plaintiff also argues that, in light of Judge Lawson's ruling, the Commissioner's position was not substantially justified and that she is therefore entitled to attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

On February 1, 2010, the Commissioner filed a response in opposition to plaintiff's motion (D/E #27). In that response, the Commissioner asserts that plaintiff is not entitled to attorney fees merely because she is a prevailing party and that, while Judge Lawson ultimately

ruled against the government, a review of the decision demonstrates that the Commissioner's decision was at least substantially justified.

### III. Discussion

Plaintiff moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). The EAJA provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(a)(A). "[T]he proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (citing Pierce v. Underwood, 487 U.S. 552, 559-60, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "The fact that we found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir.2004) (citing Pierce, 487 U.S. at 569 and Jankovich, 868 F.2d at 870)). "Congress did not ... want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case ....' " Scarborough v. Prinicipi, 541 U.S. 401, 415, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004) (internal citations omitted).

Here, there was evidence that the Commissioner could point to supporting its positions that the ALJ correctly found that plaintiff was capable of light work and not disabled. As

-8-

discussed below, many of the medical records in this case provide a basis for concluding that plaintiff was capable of light work.

Dr. Shelby-Lane performed a consultative evaluation of plaintiff in January 2005 and, during that examination, plaintiff was able to get on and off the table without difficulty, albeit while having a slight limp. (Tr. 133) Plaintiff's stance was normal and a tandem walk and heel walk was done without difficulty. (Tr. 133) Plaintiff was also able to do the toe walk slowly. (Tr. 133) Dr. Shelby-Lane further found that plaintiff's grip strength was equal bilaterally, and that her gross and fine dexterity were bilaterally intact. (Tr. 133) Likewise, a finger-to-nose test was done without difficulty, her sensory functions were intact, and she had fair muscle tone. (Tr. 133)

Another medical examination supporting the Commissioner's position was Dr. Monasir's consultative evaluation performed in February 2005. (Tr. 127) As this court previously found in its earlier report and recommendation, Dr. Monasir's consultive examination in February 2005 was consistent with an ability to perform the limited range of light work identified by the VE and ALJ. (Tr. 127) Plaintiff had excellent grip and pinch strength despite the carpal tunnel, no muscle atrophy, could walk and did not limp, normal stance and gait, and her sensory functions were intact with fair muscle tone. (Tr. 127)

Additionally, the state agency reviewing physician's opinion also supported the ALJ's conclusion in this regard. (Tr. 105-113) The state agency physician reviewed plaintiff's case in March 2005 and concluded that plaintiff was able to perform a range of light work, but could never climb ladders, ropes or scaffolds, and could occasionally climb ramps or stairs, balance,

stoop, kneel, crouch, and crawl and should avoid even moderate exposure to vibration. (Tr. 105-113) While Judge Lawson ultimately found that the state agency physician's opinion should be afforded less weight because the physician reviewed the record prior to there being documentation of many of plaintiff's lower extremity problems, the Commissioner's reliance on the state agency physician's opinion was justified and the opinion provides support for the Commissioner's position.

Furthermore, while Dr. Ziegler opined that plaintiff was disabled, the ALJ properly rejected that opinion. As stated by Judge Lawson:

> The ALJ rejected Dr. Ziegler's conclusion because it "contrasts sharply with the other evidence of record, which renders it less persuasive. It is also not clear that Dr. Ziegler was familiar with the definition of disability contained in the Social Security Act and regulations." AR at 18. The ALJ's reasoning is sound, and his explanation fulfills the procedural requirement that a rejection of a treating physician's opinion must be explained adequately.

[Opinion and Order Rejecting Magistrate Judge's Report and Recommendation, Granting in Part Plaintiff's Motion for Summary Judgment, Denying Defendant's Motion for Summary Judgment, Vacating Decision of the Commissioner, and Remanding for Further Proceedings (D/E #19); September 29, 2009; p. 6] Given the rejection of plaintiff's treating physician's opinion that plaintiff was disabled and incapable of light work, the Commissioner's argument that plaintiff was capable of light work and not disabled was reasonable.

In arguing that she is entitled to attorney fees, plaintiff appears to rely solely on the fact that Judge Lawson ruled in her favor and remanded this case. However, as discussed above, "[t]he fact that . . . the Commissioner's position was unsupported by substantial evidence does

not foreclose the possibility that the position was substantially justified." Howard, 376 F.3d at 554 (citing Pierce, 487 U.S. at 569 and Jankovich, 868 F.2d at 870). Given the conflicting nature of some of the medical evidence in this case, this court finds that the Commissioner's position that plaintiff was not disabled was grounded in a reasonable belief in fact and law. Because the Commissioner has shown that its position is substantially justified, plaintiff's motion should be denied.

## IV. Conclusion

For the reasons stated above, the court recommends that plaintiff's motion for attorney fees be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

          S/Virginia M. Morgan
          Virginia M. Morgan
          United States Magistrate Judge

Dated: February 16, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 16, 2010.

          s/Jane Johnson
          Case Manager to
          Magistrate Judge Virginia M. Morgan