UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL E. BUTKA,

        Plaintiff,                        Case Number 08-13228
                                                    Honorable David M. Lawson
v.                                               Magistrate Judge Virginia M. Morgan

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

The matter is before the Court for *de novo* review of the plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Earlier in the case, the Court vacated the decision of the Commissioner denying disability benefits and remanded for further proceedings. The plaintiff then filed her motion, which the Court referred to Magistrate Judge Virginia M. Morgan, who filed a report recommending that the plaintiff's motion for attorney's fees be denied. The plaintiff filed timely objections.

The EAJA provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . [in] proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). To recover a fee award under the EAJA, a claimant must show: (1) that she is the prevailing party; (2) the government's position was not substantially justified; and (3) no special circumstances make the award unjust. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (citing *INS v. Jean*, 496 U.S. 154, 158 (1990)). Of

these elements, the only one that is in contention between the parties is whether the Commissioner's position opposing the plaintiff's disability claim was substantially justified.

Under the EAJA, the government's litigation position will be found to be substantially justified if it "had a reasonable basis in both law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In the context of Social Security benefits cases, substantially justified means "'justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565 (quoting *United States v. Yoffe*, 775 F.2d 447, 449-50 (1st Cir. 1985)).

Reasonableness, therefore, is the watchword. The Supreme Court has declared, "[t]o be 'substantially justified' means . . . more than merely undeserving of sanctions for frivolousness," since that standard alone is not in keeping with the reasonableness criterion. *Pierce*, 487 U.S. at 566. But the reasonableness standard does not require that the Commissioner prevail in the matter: the "'substantially justified' standard should not 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case.'" *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (quoting *Scarborough v. Principi*, 541 U.S. 401, 415 (2004)). "'[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified.'" *Howard*, 376 F.3d at 554 (quoting *Pierce*, 487 U.S. at 569). The burden of establishing that the position of the Commissioner was substantially justified rests with the Government. *Scarborough*, 541 U.S. at 414.

The Sixth Circuit has provided guidance on the question of substantial justification where the Commissioner rejects a Social Security benefits claim. In *Howard v. Barnhart*, the court found that when an administrative law judge is found to have selectively considered the evidence in

denying benefits, the Commissioner's decision to defend that denial is without substantial justification. *Howard*, 376 F.3d at 554 (citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)). In that case, the court found that the ALJ's decision relied upon an erroneous residual functional capacity determination. The court determined that the ALJ should have accorded the claimant's treating physician's opinions complete deference because they were not contradicted by any other medical opinion. Also important to the court's "substantial justification" analysis was the fact that the ALJ's hypothetical question to the vocational expert "fail[ed] to describe accurately [the plaintiff's] physical and mental impairments,'" since the question did not take account of the limitations confirmed by the treating physicians. *Howard*, 376 F.3d at 553 (quoting *Howard v. Commr of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)).

By contrast, in *Jankovich v. Bowen*, 868 F.2d 867 (6th Cir. 1989), the court found that although the Commissioner's decision was not based on substantial evidence, it was still grounded in a reasonable belief in fact and law that the plaintiff was not disabled. In support of that finding, the court noted that several of the physicians who examined the plaintiff concluded that he had the functional capacity to perform his prior work, even though the plaintiff's own physician opined that the plaintiff was disabled during the relevant period of time, and that the physician could not determine the plaintiff's potential ability to return to his previous work until after shoulder surgery and rehabilitation. *Id.* at 870.

The Court believes the present case is closer to *Jankovich* than to *Howard*. In this case, the Court found that the ALJ properly rejected the treating physician's unsupported conclusion that the plaintiff was disabled, and the remaining evidence did not support the ALJ's determination of residual functional capacity. The later finding was based on a view that reliance on an otherwise

helpful agency physician's opinion was unsound because that doctor did not have records of relevant medical tests available at the time, and that the ALJ made more of the plaintiff's description of her activities of daily living than the record allowed. However, the Court could not find that the plaintiff plainly was entitled to benefits on the present record. Indeed, it is entirely possible that on remand, the ALJ could find from the evidence that the plaintiff's limitations still may permit her to perform a range of sedentary work that qualifies her for jobs that are available in substantial numbers in the regional economy.

The Court finds, therefore, that the position of the Commissioner in this case, although not persuasive, was reasonable, that is to say, "substantially justified." Therefore, the plaintiff has not demonstrated that she is entitled to attorney's fees under the Equal Access to Justice Act.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #29] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act [dkt. #21] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 17, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 17, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL